UNITED STATES v. INDEPENDENT PACKET CO.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1915.)

No. 4205.

SHIPPING ☞16—REGULATION OF STEAM VESSELS—SUIT FOR VIOLATION OF REGULATIONS.

A libel by the United States against the owner of a steam vessel to recover the penalty imposed for violation of Rev. St. § 4463, by failing to have on board on a voyage a licensed mate, considered and *held* sufficient.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 30–44; Dec. Dig. ☞16.]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

On motion for rehearing. Overruled.

For former opinion, see 226 Fed. 721, —— C. C. A. ——.

Forrest P. Tralles, of St. Louis, Mo., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge. The motion is based on the claim that the libel of information sought to recover only the penalty fixed by Rev. St. § 4463. It points out the language of the libel as follows:

"That said vessel then and there departed from said port without a licensed mate, as required by her certificate of inspection and in violation of Section 4463 of the Revised Statutes of the United States. Wherefore by force of said statute, said Independent Packet Company, a corporation, the owner of said steamboat, became liable to the United States in the penalty of five hundred dollars."

The charge is true to both law and fact, and was not misleading. It was shown as charged that the requirements of that section were violated. It is nowhere claimed or intimated that the penalty fixed by that section was sought to be imposed. Indeed, any such asserted claim is contradicted by the libel itself, because the penalty of $500.00 there fixed is against the master and not the owner, and the libel seeks to recover a penalty from the owner. Furthermore, it was not necessary that the libel point out the section which imposed the penalty in specific terms. The failure of the owner to comply with the requirements of Section 4463 having been charged and on that failure the claim asserted that the owner was liable to the United States in a penalty of $500.00, it then became a question of law whether the owner was liable for the penalty by virtue of any statute or law of the United States; and that question was as effectively presented without pointing out the particular section of the statute as if that had been done.

We think the point without merit, and the motion is overruled.